IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARRETT AVON SPINKS,           )
                               )
           Plaintiff,          )
                               )
      v.                       )      1:19-cv-522
                               )
MANDY K. COHEN, Secretary,     )
N.C. Department of Health &    )
Human Services; ALEX M. AZAR   )
II, Secretary, U.S. Department )
of Health and Human Services   )
                               )
           Defendants.         )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

     Pro se Plaintiff Garrett Spinks alleges that Defendants Dr.
Mandy Cohen, Secretary of the North Carolina Department of Health
& Human Services, and Alex M. Azar II, Secretary of the United
States Department of Health & Human Services,[1] acting in their
official capacities, deprived him of due process in connection
with the payment of his late mother's medical bills and subsequent
claims for recovery of Medicaid expenditures from her estate.
(Doc. 2.)  Before the court are motions to dismiss by both
Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1),
(2), (5), and (6).  (Docs. 10, 14.)  Even though the motions are
unopposed and can ordinarily be granted on that basis, see Local

---

[1] The complaint names former federal Secretary of Health & Human Services
Dr. Thomas Price.  Pursuant to Federal Rule of Civil Procedure 25(d),
current Secretary Azar is automatically substituted for Dr. Price.

Rule 7.3(k), the court nevertheless will determine whether the motions to dismiss are merited.  Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 448 (M.D.N.C. 2005).  For the reasons set forth below, Defendants' motions under Rule 12(b)(1), (5) and (6) will be granted and the complaint will be dismissed.

## I.   BACKGROUND

The complaint reasserts claims previously brought in a separate action and which this court dismissed for insufficient service of process.  (Spinks v. Cohen, No. 1:17-cv-875, 2018 WL 6416511, at *2 (M.D.N.C. Dec. 6, 2018); Doc. 2 at 1.)  The allegations of the complaint now before the court, construed in the light most favorable to Spinks, show the following:

Spinks is the executor of his late mother's estate and currently resides on her property.  (Doc. 2 at 4.)  On September 29, 2017, an acquaintance informed Spinks that his mother's property would be sold to satisfy Medicaid bills claimed against his mother's estate for treatment she had earlier been provided.  (Id.)  This spurred Spinks to file the prior action before this court, alleging that the sale of his mother's estate violated his due process rights.  (Spinks, 2018 WL 6416511, at *1.)  Spinks also contested the $195,453.53 claim held by the North Carolina Department of Health and Human Services ("NCDHHS") for Medicaid expenditures incurred by Spinks's late mother, on which the sale of his mother's property is allegedly based.  (Id.)

2

On December 6, 2018, this court granted Defendants' motions to dismiss the prior action for insufficient service of process, finding that Spinks failed to serve either Defendant despite being informed of the proper parties to serve and receiving an extension of time to effectuate service beyond the period permitted under Federal Rule of Civil Procedure 4(m). (Id. at *1-2.) Spinks subsequently filed the current action on May 17, 2019, realleging that Defendants denied him due process by seeking "close to $197,000" in Medicaid bills against his mother's estate. (Doc. 2 at 3-4.) Spinks asserts that the Medicaid bills claimed against his mother's estate were "submitted improperly" and are a result of Defendants' failure to properly pay his mother's medical bills under Medicare and an invalid contract. (Id. at 4.)

Defendants now move to dismiss, each arguing that Spinks's complaint should be dismissed for insufficient service of process and failure to state a claim upon which relief can be granted. (Docs. 10, 14.) The court issued Spinks a Roseboro[2] letter for each motion to dismiss, notifying him of his right to file a 20-page response and of the possibility that his failure to respond would result in the dismissal of his case. (Docs. 12, 16.) Yet Spinks has not filed a response, and the time to do so has passed. The motions are thus ripe for decision.

---

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

## II.  ANALYSIS

### A.  Service of Process

Both Defendants argue that Spinks's complaint should be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  (Doc. 11 at 5; Doc. 15 at 8.)

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process.  See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).  When a defendant brings a 12(b)(5) motion, the plaintiff bears the burden of establishing that "the service of process has been performed in compliance with the requirements of Federal Rule of Civil Procedure 4."  Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003).  Federal Rule of Civil Procedure 4(m) provides that service must be effected in compliance with the rules within 90 days after filing the complaint, absent a showing of good cause for failure to do so.  If the plaintiff fails to effect service in the manner prescribed by the rules within this time, the court must either dismiss the action or grant an extension, ordering that service be made within a specified time.  Id.; see Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995).  In cases where a defendant receives actual notice of the action, despite the insufficiency of service, the rules for service should be given "a liberal construction" such that service is not necessarily invalidated by "every technical violation of the rule[s]."  Armco, Inc. v. Penrod-

Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Yet, notwithstanding the liberal construction often afforded pro se plaintiffs for minor errors, "the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored." Id.

As to Spinks's claims against Secretary Cohen, Federal Rule of Civil Procedure 4(j)(2) governs service of process on a state entity.[3] Rule 4(j)(2) provides that service must be effected on the chief executive officer of the state or else in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). North Carolina law states that service on state officers or agencies must be made on the designated process agent, if one exists. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4).

Spinks has not complied with Rule 4(j)(2). Despite this court's prior order indicating that personal service on the Secretary was insufficient for a suit against her in her official capacity,[4] Spinks has again served the Secretary personally. (Doc. 5.) In fact, Spinks has made no attempt to remedy the insufficient service that led to the dismissal of his prior complaint, issuing

---

[3] Spinks brings claims against Secretary Cohen acting in her official capacity as an officer of the state of North Carolina. Accordingly, his claims are treated as against the state. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).

[4] See Spinks, 2018 WL 6416511, at *2 (holding that Spinks did not effect service as provided by Federal Rule of Civil Procedure 4(j)(2) and North Carolina law; "instead, he directed service to . . . Cohen personally").

nearly identical summonses to "Mandy Cohen" at "NC Department of
Health and Human Services" in both this action and the former, and
mailing copies of the complaints to Secretary Cohen at NCDHHS in
both instances. (Id.) Thus, Spinks has ignored the plain
requirements for effective service set forth in the rules and this
court's prior order.

While pro se plaintiffs are often allowed "a chance to remedy
technical insufficiencies in service of process," Thomas v. Nelms,
No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013),
Spinks has already been given an opportunity to do so.[5] For the
present action, this court's prior order put Spinks on notice that
serving Secretary Cohen personally was insufficient under the
rules and specified that Spinks could properly effect service on
an NCDHHS process agent. Spinks, 2018 WL 6416511, at *2. In a
footnote, this court noted that the North Carolina Department of
Justice maintains a register of process agents by which Spinks
could have located the designated agent for NCDHHS and properly
effectuated service.[6] Id. at 2 n.7. As a result, even taking into

---

[5] As noted in this court's order, Spinks was provided ample opportunity
to remedy the same service insufficiencies that are at issue in this
case. Over a year passed between when Spinks filed his prior complaint
and its dismissal. Spinks received an extension of time to remedy
service of process insufficiencies prior to that complaint's dismissal.
Spinks, 2018 WL 6416511, at *2. Furthermore, Spinks' prior complaint
was dismissed by this court without prejudice, giving him the opportunity
to remedy his errors and properly bring his claims against the Defendants
in this case.

[6] Since this court's order, the North Carolina Department of Justice has

account Spinks' pro se status and the liberal construction of the rules afforded pro se litigants, Spinks has rejected ample opportunity to effect service on Secretary Cohen. Thus, his claims against Secretary Cohen should be dismissed under Rule 12(b)(5).

Secretary Azar also argues for dismissal due to insufficient service of process pursuant to Rule 12(b)(5). (Doc. 15 at 8.) The Secretary asserts that by serving him personally, Spinks failed to effect service in the manner required by Federal Rule of Civil Procedure 4(i). (Id. at 9.) Moreover, Secretary Azar suggests that Spinks should not be afforded the opportunity to cure his improper service under Rule 4(i)(4)(A) because Spinks does not meet the criteria by which a plaintiff must be given the opportunity to do so. (Id. at 9-10.) Finally, the Secretary argues that Spinks has not demonstrated "reasonable, diligent efforts to effect service," which would permit this court in its discretion for good cause to extend the time for service under Rule 4(m). (Id. at 10.)

Rule 4(i) governs service of process on an officer of the United States sued in that officer's official capacity. See Hinson-Gribble v. United States Office of Pers. Mgmt., 764 F. App'x 385, 386 (4th Cir. 2019) (per curiam). Rule(4)(i) states that

---

updated its register of process agents, see North Carolina Department of Justice, Process Agent Directory, https://ncdoj.gov/legal-services/legal-resources/process-agent-directory/ (last visited March 26, 2020).

service must be made not only on the officer being sued, but also on the United States Attorney for the judicial district in which the proceedings are instituted, and further on the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). Alternatively, service may be made on an assistant United States Attorney or clerical employee designated by the United States Attorney for receipt of service or by registered or certified mail to the civil process clerk at the United States Attorney's office. Fed. R. Civ. P. 4(i)(1)(A).

Spinks has failed to effect service on Secretary Azar in compliance with Rule 4(i). Spinks served neither the United States Attorney for the Middle District of North Carolina nor the Attorney General of the United States, despite knowing that he had those obligations when he filed his prior complaint, Spinks, 2018 WL 6416511, at *1 n.3, and after this court dismissed that complaint. Id. at *1. Instead, Spinks once again served the Secretary personally, ignoring the plain requirements of Rule 4(i). (Doc. 5.) While Rule 4(i)(4) itself provides for "reasonable time to cure" insufficient service when the party has served the United States Attorney or the Attorney General of the United States, this safeguard is unavailable because Spinks did not serve either of the two. Fed. R. Civ. P. 4(i)(4)(A).

Moreover, although Rule 4(m) permits the court to extend the time to effectuate service upon a plaintiff's showing of good

8

cause, Spinks has not made such a showing.  Fed. R. Civ. P. 4(m).

Good cause under Rule 4(m) requires "diligence on the part of the

plaintiff[]" and generally extends to cases where external factors

have caused the plaintiff's failure to effect service.  Attkisson

v. Holder, 925 F.3d 606, 627 (4th Cir. 2019).  Spinks has not

exercised such diligence; the record contains no justifiable

reason for Spinks's failure to correct the same deficiencies that

led to the dismissal of his identical complaint in the previous

action, even after being specifically instructed as to what to do.

Additionally, in failing to respond to this court's Roseboro

letters and address his insufficient service, Spinks has forsaken

the opportunity to offer this court a showing of good cause.

(Docs. 12, 16.)  Thus, as a result of the clear deficiency in

service and in light of the fact that Spinks received an order

from this court outlining the means by which he could have properly

served Secretary Azar, Spinks's claims against the Secretary will

be dismissed.

### B.  Merits

Defendants also seek dismissal on the  merits.  They argue

that while dismissal for insufficient service of process is

appropriate, the prospect of further improper service attempts

despite Spinks's disregard of the court's prior directions for

effecting proper service warrants consideration of their motions

pursuant to Federal Rule of Civil Procedure 12(b)(6) as well.

(Docs. 10, 14.)  Given that this court alluded to the lack of merit
of Spinks's claims in its prior order, Spinks's failure to plead
additional factual allegations to support his renewed complaint,
and the prospect that Spinks will refile this case and yet again
attempt to improperly re-serve the complaint, the court will also
address Defendants' motions on the merits.  Spinks, 2018 WL
6416511, at *1 n.5, *2 n.8.

A motion to dismiss under Rule 12(b)(6) challenges the legal
sufficiency of a complaint.  Francis v. Giacomelli, 588 F.3d 186,
192 (4th Cir. 2009).  Rule 12(b)(6) requires a plaintiff to allege
sufficient factual allegations to "raise a right to relief above
the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
555 (2007).  To survive a motion to dismiss, a plaintiff must plead
sufficient factual matter, which when accepted as true, "state[s]
a claim to relief that is 'plausible on its face.'"  Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).
A claim is facially plausible if the factual allegations allow the
court to "draw the reasonable inference that the defendant is
liable for the misconduct alleged."  Id.  When assessing a
complaint's plausibility, courts must accept as true all factual
allegations beyond mere recitals of a cause of action or mere
conclusory statements.  Id.; see Coleman v. Md. Court of Appeals,
626 F.3d 187, 190 (4th Cir. 2010).

Spinks proceeds pro se.  "A federal court is charged with

liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case." Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). Pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But while the court must construe the complaint liberally, it is not obliged to become an advocate for the unrepresented party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Secretary Cohen argues that the complaint fails to plead sufficient facts to plausibly allege that she deprived Spinks of procedural protections under the Due Process Clause of the Fourteenth Amendment. (Doc. 11 at 10.) She contends that Spinks failed to present facts showing that "Defendant has taken any action to sell the subject property" or has pursued payment of the claim against the estate. (Id. at 10-11.) The Secretary further asserts that Spinks misunderstands both the nature of the Medicaid bills and the legal landscape giving rise to them, such that he has failed to allege sufficient facts to show why Defendant's claim against the estate would deny him due process if NCDHHS were to take action. (Id.)

The Due Process Clause of the Fourteenth Amendment protects persons from the unconstitutional deprivation of their individual interests by affording them procedural safeguards. See Mallette v. Arlington Cty. Emps. Supplemental Ret. Sys. II, 91 F.3d 630, 634 (4th Cir. 1996). As such, to evaluate compliance with the Due Process Clause, courts determine (1) whether the plaintiff lost life, liberty, or property, and (2) whether the plaintiff received the minimum procedural protections warranted for that loss. Adkins v. Rumsfeld, 464 F.3d 456, 471 (4th Cir. 2006). The complaint's factual allegations allege that Spinks was informed by some unnamed source that the property would possibly be sold at some point in the future. However, this allegation does not permit the court to infer that NCDHHS caused Spinks to lose the property. Even if NCDHHS were to take action to enforce a claim against the estate, Spinks has alleged no facts to suggest he would not be afforded procedural protections.

As this court has previously noted,[7] Spinks's claim that Secretary Cohen has deprived him of due process relies upon a misunderstanding of the law regarding the medical expenses claimed against his mother's estate. Spinks continues to allege that one or both Defendants failed to pay his mother's medical bills,

---

[7] Spinks, 2018 WL 6416511, at *2 n.8 ("The court further notes that Spinks' underlying claims appear to be based on a misunderstanding of the events described.").

leading to the $195,453.53 claim against her estate. Although this court explained that "[i]t is in fact because of NCDHHS' payment of his mother's medical bills that NCDHHS now asserts a claim against the estate" under the authority of 42 U.S.C. § 1396p(b)(1) and N.C. Gen. Stat. § 108A-70.5, thus notifying Spinks of his possible misunderstanding, he has continued to base his claim on this perceived failure to pay. Spinks, 2018 WL 6416511, at *2 n.8. Moreover, Spinks has not provided any factual allegation to make plausible his claim that the bills are based on Defendants' failure to pay. He merely argues that just "because the Defendants say they paid bills does not mean they paid the bills." (Doc. 2 at 4.)

Although a court must take all well-pleaded factual allegations as true and draw all reasonable inferences from those factual allegations in the plaintiff's favor, it does not make the same inferences regarding mere conclusory statements. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Furthermore, the court "may also consider documents attached to the complaint . . . as well as those attached to [a] motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The court's consideration of such documents does not convert a 12(b)(6) motion into a motion for summary judgment under Rule 56. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). A plaintiff may challenge an

attached document's authenticity, see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004), but because Spinks has not responded to Defendants' motions, he has failed to do so. A court does not have to accept as true factual allegations that are contradicted by exhibits properly before the court. Veney, 293 F.3d at 730. Dismissal of a complaint is appropriate if a conflict arises between the allegations of the complaint and the exhibits relied upon when the exhibits undermine the claims. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

In her motion to dismiss, Secretary Cohen attached documents from Spinks's mother's state court probate proceedings. (Doc. 11-3.) Included is an invoice from NCDHHS that provided notice to Spinks's mother's estate that the State had paid Spinks's mother's medical expenses. (Id. at 21.) Because Spinks's mother's state court probate documents are in the public record, consideration of the exhibit, including the invoice, is proper.[8] See Dillon v. Butler, No. 1:13CV424, 2015 WL 5674883, at *3 (M.D.N.C. Sept. 25, 2015) (noting that a court may consider state court probate documents without converting a motion to dismiss into a motion for summary judgment because they are in the public record). Furthermore, because the invoice speaks directly to Spinks's

---

[8] Spinks also attached the invoice to his complaint in his prior suit. See Spinks, 2018 WL 6416511, at *2 n.8.

contention that NCDHHS has not paid his mother's medical bills, it is integral to his complaint. See Goines, 822 F.3d at 166 (noting that, when considering whether an exhibit is integral to a complaint, a court should consider whether the plaintiff's claims "turn on" or are "otherwise based on" statements contained in the exhibit). Spinks has not disputed the authenticity of the document, despite having the opportunity do so. The invoice and attached affidavit indicate that the State paid the medical expenses Spinks's mother incurred. (Doc. 11-3 at 21.) Given the clear discrepancy between Spinks's bare allegation and the invoice provided, Spinks's claims do not permit the court to draw the reasonable inference that Defendant Cohen is liable for the misconduct alleged.

Finally, Spinks alleges that Secretary Cohen deprived him of due process by executing an invalid contract to bring the claims against his mother's estate. Spinks contends that neither he nor his mother was aware of any contract to claim medical bills against the estate and that his sister did not have the authority to execute any such contract, depriving him of the opportunity to stop the services which gave rise to the bills at issue. (Doc. 2 at 6.)

Spinks's allegation fails because Secretary Cohen did not need to procure a signed contract to claim medical expenditures against his mother's estate. Under state regulations in effect at

that time, and under the current North Carolina Medicaid plan, the State's Medicaid agency need only provide written notice to the applicant or the applicant's representative that a claim may be made against the applicant's estate to recover medical bills paid. 10A N.C. Admin. Code 21D.0101(a) (repealed in 2018) ("An individual who applies for Medicaid coverage for cost of care shall be given a written notice that a claim may be filed against their estate . . . to recover Medicaid payments made on [her] behalf."); State Plan Under Title XIX of the Social Security Act Medical Assistance Program, North Carolina, Attachment 4.17-A, pg. 7, 7.A (1995), accessed at https://files.nc.gov/ncdma/NC-State-Plan-For-Medical-Assistance-Programs-2019-11--05-bjs.pdf. There is no requirement that an applicant or an applicant's representative sign a contract. Here, Spinks has already acknowledged that such notice was given. In his prior lawsuit in this court, Spinks relied on and attached copies of a "Notice of Medicaid Recovery Agreement" signed by his mother and sister. (Case No. 17cv875, Doc. 23-3 at 2-3.)[9] The notice signed by his mother provides: "This is NOTICE that Federal and State law authorize the Division of Medical Assistance to file a claim against your estate to recover certain payments made by the Medicaid program on your behalf." (17cv875, Doc. 23-3 at 2.) The court "'may properly

---

[9] Cohen also attached these documents to her motion to dismiss. (Docs. 11-1, 11-2.)

take judicial notice of matters of public record' under Rule 201

of the Federal Rules of Evidence." Harr v. North Carolina, No.

1:13CV673, 2014 WL 2212169, at *6 n.3 (M.D.N.C. May 28, 2014)

(quoting Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)).

"This includes filings in prior litigation." Id. (citing Walker

v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)).  Thus, the State

fulfilled its duty to provide notice to Spinks's mother regarding

the possibility that the State could seek to recover medical

expenditures from her estate.  Spinks's contention that his sister

was not authorized to enter into a contract is inapposite; the

State was only required to provide notice, which it did.  Spinks's

claim necessarily fails.

Furthermore, Spinks does not allege that any action has been

taken against him beyond the possibility that NCDHHS could try to

recover from his mother's estate at some future time.  Accordingly,

the Secretary has not deprived Spinks of the procedural protections

required to bring a claim against the estate.  As the Secretary

notes in her brief:

> If DHHS were to take some action to pursue payment of
> the Estate Claim, DHHS's recourse would be to file a
> State court action against the Executor to obtain a court
> order directing the Executor to pay the DHHS Estate Claim
> from the proceeds of the Estate. In that event, the
> Executor, and the Plaintiff in his individual capacity
> would have the opportunity to object in court to DHHS's
> action seeking payment of its Estate claim.

(Doc. 11 at 11.)  Thus, until the State files (if ever) a state

court action against the executor to obtain a court order to pay the medical bills, Spinks has no injury. Moreover, at that time, Spinks would be free to object in that state court action, raising whatever defenses are appropriate. This defeats any claim that Spinks purports to make against Secretary Cohen, which will be dismissed.

Defendant Azar moves for dismissal based on sovereign immunity.[10] (Doc. 15 at 15.) Under the sovereign immunity doctrine, the United States and its officers are "absolutely immune from suit except as Congress specifically provides." Radin v. United States, 699 F.2d 681, 684-85 (4th Cir. 1983). A waiver should be strictly construed in favor of the sovereign, with the plaintiff carrying the burden of establishing any such waiver. See Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

Spinks has not met this burden. Insofar as Spinks seeks monetary damages against Secretary Azar, sovereign immunity precludes any such recovery. A suit against the Secretary in his official capacity is in essence a suit against the United States, and recovery of damages would therefore burden the public domain.

---

[10] Although it appears that Cohen brings his sovereign immunity argument pursuant to Rule 12(b)(6), "an assertion of governmental immunity is properly addressed under the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure." Smith v. Washington Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). Because Secretary Azar argues that Spinks's complaint fails to allege any facts establishing jurisdiction, the 12(b)(6) legal standard still applies. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

See, e.g., <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Spinks has made no factual allegation in his complaint to establish a waiver of sovereign immunity, and the character of Spinks's claims do not act as a general waiver permitting his suit. See <u>Randall v. United States</u>, 95 F.3d 339, 345 (4th Cir. 1996).

As for Spinks's claim for injunctive relief, this court has previously noted that Spinks has made no factual allegation permitting an inference that an injunction may plausibly be granted against Secretary Azar. See <u>Spinks</u>, 2018 WL 6416511, at *2 n.5. As a federal officer, Secretary Azar would not be involved in any sale of Spinks's mother's estate to satisfy claims of NCDHHS, and Spinks has not provided this court with any factual allegation to believe otherwise.[11] Thus, Spinks has failed to identify any legal or factual basis for this court to recognize a waiver of sovereign immunity as to injunctive relief.[12] All claims against Secretary

---

[11] Similarly, Spinks's § 1983 claims against Secretary Azar fail because Spinks has not alleged that Secretary Azar has taken any action under color of state law, as required by 42 U.S.C. § 1983. See <u>DeBauche v. Trani</u>, 191 F.3d 499, 506 (4th Cir. 1999) ("The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."). No allegation in Spinks's complaint identifies state action taken by Secretary Azar.

[12] For example, the Administrative Procedure Act waives sovereign immunity for an "action in court . . . seeking relief other than money damages and stating a claim that an agency or an officer . . . thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. The Fourth Circuit has noted that this waiver only applies to "final agency actions." <u>City of N.Y. v. United States Dep't of Def.</u>, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 704). "[S]ubject matter jurisdiction is lacking if the plaintiff fails to challenge a particular 'agency action' that is fit for review." <u>Id.</u>

Azar will therefore be dismissed.

Where sovereign immunity defeats a claim, the court lacks subject matter jurisdiction and the claims must be dismissed without prejudice. Thus, the claims against Secretary Azar must be dismissed without prejudice.

As for the claims against Secretary Cohen, a district court has discretion to decide whether to dismiss an action with or without prejudice. Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985). However, while the power to dismiss with prejudice lies with the district court, "it is appropriately exercised only with restraint." Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978).

Aggravating factors may weigh in favor of such a decision in any given case and make dismissal with prejudice an appropriate exercise of discretion. North Carolina v. McGuirt, 114 F. App'x 555, 559 (4th Cir. 2004) (per curiam). One such factor is whether a plaintiff has persisted in failing to comply with the requirements of the Federal Rules of Civil Procedure. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In such a case, a dismissal with prejudice may be warranted to prevent a continued burden from being placed on the defendant. See Kuehl v. FDIC, 8

---

(citing Invention Submission Corp. v. Rogan, 357 F.3d 452, 460 (4th Cir. 2004)). Because Spinks has alleged no agency action on the part of Azar or the U.S. Department of Health & Human Services, the waiver is inapplicable here.

F.3d 905, 908-09. (1st Cir. 1993) (finding that a district court had acted within its discretion in dismissing plaintiffs' complaint with prejudice after plaintiffs had failed on multiple occasions to correct errors and ignored the court's orders to cure the complaint's deficiencies).

In this case, Spinks was warned by the court about the deficiencies in his complaint, and Defendants previously pointed them out, to no avail. The due process, § 1983, and contract-related claims are not salvageable by amendment. The court therefore concludes that dismissal with prejudice as to those claims against Secretary Cohen is appropriate. However, any claim or defense Spinks may properly have in any future state court proceeding against his mother's estate relating to NCDHHS's attempt to enforce its claim for medical expenses pain on behalf of his mother is dismissed without prejudice to its being raised in such state court proceeding.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED as follows:

1. Defendant Azar's motion to dismiss (Doc. 14) is GRANTED and the complaint (Doc. 2) against Defendant Azar is DISMISSED WITHOUT PREJUDICE for insufficient service of process and want of subject matter jurisdiction;

2. Defendant Cohen's motion to dismiss (Doc. 10) is GRANTED, and the complaint against Defendant Cohen is DISMISSED WITH PREJUDICE as to the due process, § 1983, and contract-related claims, but that any claim or defense Spinks may properly have in any future state court proceeding against his mother's estate relating to NCDHHS's attempt to enforce its claim for medical expenses paid on behalf of his mother (if brought) is DISMISSED WITHOUT PREJUDICE to its being raised in such state court proceeding.

A judgment in conformity with this Memorandum Opinion and Order shall be filed contemporaneously.

The Clerk of Court shall close this file.

                                        /s/    Thomas D. Schroeder
                                   United States District Judge

April 3, 2020